**THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

SCOTT MICHAEL AND
ROOSTER'S BLUES HOUSE, LLC                                    PLAINTIFFS

VERSUS                                         CIVIL ACTION NO: 3:14CV116-DMB-JAA

CLINTON L. BOUTWELL AND THE
CHAR GRILLE SEAFOOD & STEAKS
LLC d/b/a OXFORD GRILLEHOUSE                                  DEFENDANTS

---

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO THE PLAINTIFFS' MOTION TO**
**STRIKE DEFENDANTS' ANSWER AND FOR SANCTIONS BECAUSE OF**
**DEFENDANT BOUTWELL'S THREAT TO A KEY WITNESS**

---

COME NOW the Defendants, Clinton L. Boutwell ("Boutwell") and The Char Grille

Seafood and Steaks, LLC d/b/a Oxford Grillehouse ("Grillehouse"), by and through undersigned

counsel, and file this Defendants' Memorandum In Opposition To The Plaintffs' Motion To

Strike Defendants' Answer And For Sanctions Because Of Defendant Boutwell's Threat To A

Key Witness, and would show unto the Court the following:

**I.  JURISDICTION**

This Court does not have jurisdiction over this case, as previously argued by the

Defendants in their recent Motion To Dismiss, Memorandum in Support of that Motion to

Dismiss and their Rebuttal Brief in support of their Motion To Dismiss.  See Document Numbers

59, 60 and 67.  The Defendants adopt and incorporate those jurisdictional arguments herein.

Because the Court lacks jurisdiction over this case, the Defendants' jurisdictional arguments

should take preference, and the Court should deny the Plaintiffs' Motion To Strike Defendants'

Answer And For Sanctions Because Of Defendant Boutwell's Threat To A Key Witness.

## II. THERE IS NO ANSWER TO STRIKE

In their motion, the Plaintiffs ask the Court to strike the Defendants' answer in this case. However, the Defendants' have not yet filed an answer in this case. Rather than answering the three frivolous complaints filed by the Plaintiffs, the Defendants instead have filed three separate motions to dismiss, one motion for each complaint filed. The most recent motion to dismiss filed by the Defendants is still pending before the Court. Pursuant to Rule 12(a)(4) of *The Federal Rules of Civil Procedure*, the Defendants will have fourteen (14) days to file their answer in the event the Court denies their pending motion to dismiss. Because there has been no answer filed by the Defendants, there is no answer for the Court to strike even if it did grant the Plaintiffs' motion. As such, the Plaintiffs' request for the answer to be stricken should be denied as moot.

## III. HISTORY BETWEEN BOUTWELL AND MOTE AND WHAT REALLY HAPPENED ON APRIL 9, 2015

Jeffrey Mote and Clint Boutwell met and became friends about three (3) years ago. Mr. Boutwell met Mr. Mote while Mr. Mote was working as a bartender at the Corner Bar in 2012. The two got to know each other pretty well, and by mid 2013 they were good friends. Indeed, the two went on a fishing trip in Arkansas together in November of 2013. This friendship led to Mr. Boutwell hiring Mr. Mote at his restaurant, Tacky Shack and later as his manager of Oxford Grillehouse. Mr. Mote's performance as a manager did not meet Mr. Boutwell's expectations, and his employment was terminated, which, unfortunately, also ended their friendship. In the motion filed by the Plaintiffs, they attempt to convince the Court that Mr. Boutwell previously threatened Mr. Mote with litigation by sending a text message to Mr. Mote on June 22, 2014. A copy of the text message was attached as an exhibit to Plaintiffs' motion. This text message was not a threat to Mr. Mote, rather, it was notice for him to stop defaming Mr. Boutwell. Shortly after Mr. Mote left Oxford Grillehouse, he was hired as a bartender at The Library Bar in

Oxford, Mississippi. Mr. Boutwell has been a regular customer at The Library for around four (4) years. Shortly after Mr. Mote began working as a bartender at The Library, and shortly after leaving Oxford Grillehouse, Mr. Boutwell heard from other patrons of The Library that Mr. Mote had, on at least one occasion, made derogatory and defamatory statements about Mr. Boutwell and his business. Mr. Boutwell's text to Mr. Mote on June 22, 2014 that was attached to the Plantiffs' motion, was not a threat by Mr. Boutwell with the intent of bogging Mr. Mote down with expensive litigation, as alleged by the Plaintiffs, it was notice for him to stop making defamatory statements about Mr. Boutwell and his business.

Mr. Boutwell and Mr. Mote were friends before Mote began working for Boutwell, and well before this lawsuit was filed. Mr. Boutwell no doubt made a mistake in confronting his old friend on April 9th, but the incident described in the Plaintiffs' motion is over exaggerated. What actually happened was nothing more than a non-violent verbal and text message confrontation from Mr. Boutwell, consisting of trash talk from one former friend to another. Mr. Boutwell has suffered depression, severe stress and anxiety as the result of this litigation. On April 8, 2015 Mr. Boutwell met with undersigned counsel regarding strategy and upcoming filings in this case. The stress of the litigation coupled with a long day at work led to Mr. Boutwell going to The Library to drink at around 9:00 p.m. that night. Mr. Boutwell drank numerous beers and liquor shots between 9:00 p.m. and 12:00 a.m. of April 9th, when The Library closed. Mr. Boutwell was intoxicated and as a result was not thinking clearly. When he left The Library and went to The Corner Bar, he made the mistake of confronting his old friend, Jeff Mote. Although Mr. Boutwell did call Mr. Mote derogatory names and sent him the text message cited by the Plaintiffs and Mr. Mote, he had no intent of threatening physical harm to Mr. Mote or to try to influence Mr. Mote's decision to provide further testimony in this case. Mr. Boutwell was not

3

trying to provoke Mr. Mote to hit him and there is no evidence of such. Indeed both Mr. Mote and Mr. Sage state in their affidavits that the second time Mr. Boutwell called Mr. Mote a derogatory name was after Mr. Boutwell had walked away from Mr. Mote and towards the exit of the bar. The alcohol consumed by Mr. Boutwell that night resulted in poor decision making in confronting Mr. Mote. However, the incident was a one-time confrontation, and Mr. Boutwell fully understands how his actions have been perceived to be a threat. Later in the day on April 9th, Mr. Boutwell sent Mr. Mote another text apologizing for his actions. He knew it was a mistake and wanted to clear the air and make sure that Mr. Mote did not feel threatened. A true and correct copy of the text message apology is attached hereto as Exhibit "1".

Mr. Boutwell accepts full responsibility for his actions in confronting Mr. Mote, but granting a default judgment in this case is not warranted. As evidenced in Mr. Boutwell's Affidavit attached to Defendants' Response To The Plaintffs' Motion To Strike Defendants' Answer And For Sanctions Because Of Defendant Boutwell's Threat To A Key Witness, Mr. Boutwell never had the intent to physically harm Mr. Mote nor did he intend to threaten him to keep him from giving further testimony in this case.

Mr. Boutwell and Mr. Mote have seen each other multiple times since the April 9th incedent. They have seen each other in passing in public as well as at The Library when Mr. Mote was either working or off duty. There have been no more confrontations and Mr. Mote has shown no signs of being afraid of Mr. Boutwell. What's more, to Mr. Boutwell's knowledge, Mr. Mote has not filed criminal charges or obtained a restraining order against Mr. Boutwell as a result of feeling threatened.

With regard to Mr. Mote's knowledge of Mr. Boutwell carrying a gun, he admits in his affidavit that Mr. Boutwell only said he would use the gun to defend himself. Indeed, the sole

4

purpose Mr. Boutwell purchased the gun was for self defense after this lawsuit was filed. At that time, Mr. Boutwell did not know what Mr. Michael and others that he had conflicts with were capable of and he felt that he needed to be able to protect himself in the event there was ever a physical confrontation. Indeed, a former bouncer for the Plaintiffs, Reggie Clayton, told Mr. Boutwell, among other things, that he had heard from others that Mr. Michael had offered monetary rewards for someone to harm Mr. Boutwell, and that he himself was afraid of Mr. Michael. The Defendants attempted to depose Mr. Clayton, but at the deposition Mr. Clayton claimed he was under the influence of prescription pain medication and that he did not recall ever telling Mr. Boutwell those things. A transcript of this deposition has not yet been obtained by the Defendants.

### IV. JEFFREY MOTE IS NOT A KEY WITNESS

Jeffrey Mote, the witness that was allegedly threatened by Defendant Boutwell, is not a key witness in this case as he gave no testimony at his deposition that was significant enough to affect the outcome of this case. The true key or material witnesses in this case are Defendant Clint Boutwell, ABC Agent Daniel Dunlap and Plaintiff Scott Michael. Their deposition testimony combined proves that this court lacks jurisdiction to hear this case and that the Plaintiffs failed to state a claim upon which relief can be granted in their complaint. Furthermore, the testimony that was given by Mr. Mote has already been preserved through his sworn deposition. At that deposition, Mr. Mote even admitted that he could not recall all of the specific details of the things he testified about. See Jeffrey Mote Deposition Transcript, attached as an Exhibit to Plaintiffs' Brief In Support of Their Motion To Strike Defendants' Answer and Default Judgment And For Sanctions. The Plaintiffs have not been prejudiced by Mr. Boutwell's actions as Mr. Mote has already given his sworn testimony at his deposition, and he has not even

had the opportunity to provide further testimony, such as at the trial of this matter. There is not clear and convincing evidence that Mr. Boutwell attempted to prevent Mr. Mote from providing future testimony in this case.

### V. SHOULD THE COURT CHOOSE TO GRANT PLAINTIFFS' MOTION, A LESSER SANCTION WOULD BE SUFFICIENT

Again, Defendants assert that this Court does not have jurisdiction over this case and the case should be dismissed and the Plaintiffs' motion should be denied as moot. However, should the Court choose to grant the Plaintiffs' motion, a lesser sanction than a default judgment would be warranted. "A district court may sanction a dismissal or default judgment if it finds (1) that there is clear and convincing evidence that the bad faith misconduct occurred, and (2) that a lesser sanction would not sufficiently punish and deter the abusive conduct. *Kador v. City of New Roads*, 2012 WL 4371424*1 (M.D. La. 2012) (citing Young v. Office of the United States Senate Sergeant at Arms, 217 F.R.D. 61, 65 (D.D.C 2003). This incident was a confrontation from one old friend to another, with no intent to physically harm Mr. Mote. Mr. Boutwell admits what he actually did and accepts full responsibility, and should the Court decide to sanction him for that conduct, a lesser sanction would be sufficient to adequately punish him.

### VI. CONCLUSION

Mr. Boutwell understands the seriousness of the allegations made by the Plaintiffs and he accepts responsibility for his actions. However, a default judgment is not warranted and for the reasons stated herein above and in the attached affidavit of Clinton L. Boutwell, the Plaintiffs' Motion To Strike Defendants' Answer and Default Judgment And For Sanctions should be denied.

Respectfully submitted, this the 4th day of May, 2015.

CLINTON L. BOUTWELL AND

THE CHAR GRILLE SEAFOOD
AND STEAKS, LLC d/b/a
OXFORD GRILLEHOUSE

By: /s/ Hiram C. Eastland III
OF COUNSEL

HIRAM C. EASTLAND III – MSB #101560
ATTORNEY AT LAW
103 NORTH LAMAR BOULEVARD, SUITE 204
POST OFFICE BOX 3059
OXFORD, MS 38655
TELEPHONE: (662) 234-0804
FACSIMILE: (662) 510-0804
EMAIL: eastlandlaw3@mac.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2015, I electronically filed the foregoing document with

the Clerk of the Court using the ECF system which sent notification of such filing to counsel

who has electronically registered with the Court. The following is a list of all counsel of record:

Luther C. Fisher, IV
Luke Fisher Law PLLC
1109 Van Buren Avenue
Post Office Box 3090
Oxford, MS 38655
lfisher@lukefisherlaw.com
fisherluther@gmail.com

SO CERTIFIED, this the 4th day of May, 2015.

/s/ Hiram C. Eastland III