AFFIDAVIT OF CLINTON L. BOUTWELL

STATE OF MISSISSIPPI
COUNTY OF LAFAYETTE

PERSONALLY appeared before me, the undersigned authority, in and for the aforesaid jurisdiction, Clinton L. Boutwell, who, after being by me first duly sworn, states on oath as follows:

My name is Clinton L. Boutwell. I have known Jeffrey Mote for about three (3) years, since meeting him when he was a bartender at The Corner Bar in Oxford, Mississippi sometime in 2012. Mr. Mote and I became friends over time after we met, and by mid 2013 I would say we were good friends. We even vacationed together, taking a fishing trip to Arkansas in November of 2013. Our friendship led to me hiring Mr. Mote to work for me at my first restaurant in Oxford, The Tacky Shack in late 2013. In early 2014, I hired Mr. Mote as the manager of my restaurant, Oxford Grillehouse. Mr. Mote's performance as a manager did not meet my expectations, and his employment was terminated, which, unfortunately, also ended our friendship.

Shortly after Mr. Mote left Oxford Grillehouse, he was hired as a bartender at The Library Bar in Oxford, Mississippi. I have been a regular customer at The Library for at least four (4) years, and I heard from other patrons there of at least one occasion that Mr. Mote made defamatory remarks about my business and me shortly after he began working as a bartender at The Library. On June 22, 2014, I sent a text message to Mr. Mote, notifying him that I would not tolerate being defamed by him and that I was prepared to take legal action to stop his actions if he did not stop making the statements.

It is common for me to see Mr. Mote while he is working at The Library, or in public, and other than the June 22, 2014 notice described above, prior to the April 9, 2015 incident, we have never had a problem with each other when our paths crossed. On April 8, 2015, after a long day at work and meeting with my attorney regarding this lawsuit, I felt very stressed and went to The Library and began drinking. I arrived at The Library around 9:00 p.m. From the time I arrived to around 12:00 a.m., April 9th, when The Library closed, I drank numerous beers and took multiple shots of liquor. When I left The Library I was intoxicated and was not thinking clearly.

When I saw Mr. Mote at The Corner Bar after I left The Library, I made the mistake of confronting him, calling him derogatory names and sending the text message referenced Mr. Mote's affidavit and in the Plaintiffs' motion. However, this was just trash talk to a former friend as a result of the alcohol I had consumed. I was not trying to provoke Mr. Mote into hitting me as alleged in his April 9, 2015 affidavit. I was not trying to threaten Mr. Mote with physical harm as a result of his testimony that he gave at his deposition nor was I trying to threaten him to not testify at the trial of this matter. I have never had any intent to physically harm Mr. Mote whatsoever. Later on April 9th, after reflecting on what had happened, I sent Mr. Mote an apology via text message.

I have seen Mr. Mote on several occasions since April 9th, both at The Library while he was working and in public. There have been no further confrontations between us. Mr. Mote has shown no sign of being afraid of me when we have seen each other since April 9th.

I am well aware that this incident looks bad, and that it could potentially have a negative result in this lawsuit, but I can assure Mr. Mote, the Plaintiffs in this case and the Court that I have no intention of carrying out any perceived threat against Mr. Mote. I do accept responsibility for what I did, and I wish it had not happened.

Shortly after the Plaintiffs filed this lawsuit, my health was adversely affected due to the stress of dealing with the allegations being made against me by the Plaintiffs. I consulted my physician, Dr. Keith Stanford, in Grenada, Mississippi in June, 2014 regarding this stress. My blood pressure medication was adjusted as a result. In February 2015 Dr. Standford referred me to Dr. Campbell, a Cardiologist in Oxford, for concerns of overwhelming stress and irregular heart palpitations. The result was scheduling a stress test, nuclear test and trying different blood pressure medication with a beta blocker. On April 10, 2015, the day after the incident with Mr. Mote, I again consulted my physician about the stress this lawsuit was putting on me and how it was affecting my actions. At that appointment I was diagnosed with depression and anxiety. I was prescribed cymbalta and zanex to treat these illnesses. These medications have helped and I have also limited my alcohol consumption as well. I realize that turning to alcohol to deal with my stress, anxiety and depression is not the right way to deal with them and I am making changes and hope to avoid again putting myself in a situation like what happened with Mr. Mote on April 9th.

I sincerely hope that the Court will see this incident for what it really was, a non-violent, alcohol induced verbal and text message confrontation that was a mistake made by me.

In addition to the above statement, I have reviewed the response and supporting memorandum to the Plaintiffs' motion, and the contents therein are true and correct to the best of my knowledge.

DATED this the 4th day of May, 2015.

Clinton L. Boutwell

SWORN TO AND SUBSCRIBED before me, this the 4th day of May, 2015.

NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 29229
LAURA JONES
Commission Expires
Aug. 21. 2017
LAFAYETTE COUNTY

2