# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| SCOTT MICHAEL; and<br>ROOSTER'S BLUES HOUSE, LLC | PLAINTIFFS |
| V. | NO. 3:14-CV-00116-DMB-SAA |
| CLINTON L. BOUTWELL; and THE<br>CHAR GRILLE SEAFOOD & STEAKS<br>LLC d/b/a OXFORD GRILLEHOUSE | DEFENDANTS |

## ORDER GRANTING ATTORNEY'S FEES

Before the Court is Plaintiffs' petition for attorney's fees. Doc. #87. For the reasons below, the petition is granted.

## I
## Procedural History

On October 7, 2015, this Court issued a Memorandum Opinion and Order granting in part and denying in part Plaintiffs' motion for sanctions, among other things. Doc. #84 at 47. In the order, the Court directed that "Defendants shall pay Plaintiffs their reasonable attorney's fees and expenses associated with the motion for sanctions." *Id*.

On November 6, 2015, Plaintiffs filed a "Petition for Attorney Fees and Affidavit of Luther C. Fischer, IV" asking the Court to approve an award of $4,935 in attorney's fees, based on a total of 28.2 hours spent on the motion for sanctions at an hourly rate of $175, and $240 in expenses to compensate for "[w]itness and mileage fees paid to [w]itnesses to attend [the motion for sanctions] hearing." Doc. #87 at ¶ 1. As support for the requested fees, Fischer avers that he has practiced law for approximately fifteen years and that "[a]n appropriate fee for [him] is $175.00 per hour." *Id*. at ¶ 9. In addition to the petition, Plaintiffs also submitted an affidavit

from James D. Waide, III, a local attorney, in which Waide avers that, based on "extensive dealings with [Plaintiff's attorney] Fisher, … a reasonable hourly rate for Mr. Fisher would be at least $175.00 per hour for an attorney with Mr. Fisher's skill and experience." Doc. #87-1. On December 17, 2015, Defendants filed a notice of non-opposition to the petition.[1] Doc. #88.

## II
## Analysis

Although the petition is unopposed, "[a] court still reviews requested attorney fees even if the motion is unopposed." *Opus Portfolio, Ltd. v. Koz*, No. 09-cv-363, 2010 WL 2136571, at *1 (W.D. Tex. May 27, 2010) (collecting cases).

> To decide an appropriate attorney's fee award, the district court [is] first required to calculate a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. The court [is] next obligated to consider whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the *Johnson* [*v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)] factors.

*Rutherford v. Harris Cty.*, 197 F.3d 173, 192 (5th Cir. 1999). However, "[t]here exists a strong presumption of the reasonableness of the lodestar amount." *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).

### A. Lodestar

As an initial matter, the Court concludes that 28.2 hours is a reasonable number of hours for Fischer to have expended on the motion for sanctions, which involved preparation of multiple briefs and attendance at an evidentiary hearing. Furthermore, in light of Fischer's affidavit and the affidavit submitted by Waide, the Court concludes that $175 is a reasonable hourly rate for Fischer. *See Hervey v. Keltman Pharms., Inc.*, No. 3:12-cv-625, 2015 WL 4673773, at *3 (S.D.

---

[1] The notice represents that "Plaintiffs agreed to accept two equal installment payments for the said fees and that the first payment of $2,587.50 has already been tendered and the second payment will be paid on or before January 31, 2016, as agreed." Doc. #88 at 1.

2

Miss. Aug. 6, 2015) ("The Supreme Court [has] indicate[d] that a successful fee petition will include evidence from other attorneys in the community attesting to the reasonableness of the movant's requested rates.") (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Accordingly, multiplying 28.2 by $175, the Court derives a $4,935 lodestar amount.

### B. *Johnson* Factors

Having derived a lodestar amount, the Court must next consider the *Johnson* factors:

(1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Saizan*, 448 F.3d at 800 n.18. In evaluating the *Johnson* factors, "[t]he Fifth Circuit has cautioned that courts should refrain from considering factors that are subsumed within the lodestar analysis." *Sales v. Bailey*, No. 2:12-cv-00056, 2015 WL 1825060, at *4 (N.D. Miss. Apr. 22, 2015) (citing *Migis v. Pearle Vision*, 135 F.3d 1041, 1048 (5th Cir. 1998). In this regard, the Fifth Circuit has held that factors two, three, four, seven, eight, and nine are usually incorporated in the lodestar amount. *Id*. (citing *Walker v. U.S. Dep't of Housing and Urban Dev.*, 99 F.3d 761, 771–72 & n.12); *Shipes v. Trinity Indus.*, 987 F.2d 311, 321–322 (5th Cir. 1993). Furthermore, as is the case here, the lodestar calculation also usually implicates factors one and five. *Sales*, 2015 WL 1825060, at *4. Additionally, the United States Supreme Court has "barred any use" of the sixth factor. *Rutherford*, 197 F.3d at 193. Accordingly, the Court limits its inquiry to the tenth, eleventh, and twelfth factors.

3

There is no evidence as to the undesirability of the case or the nature and length of the professional relationship between Fischer and Plaintiffs. Thus, the Court deems the tenth and eleventh factors neutral. As for the twelfth factor, the Court concludes that the lodestar is in line with similar awards. *See, e.g., Mick Haig Prods., E.K. v. Does 1–670*, No. 3:10-cv-1900, 2012 WL 213701, at *5 (N.D. Tex. Jan. 24, 2012) ($22,040 award for approximately 38 hours of work in bringing motion for sanctions); *see also DeStephano v. Broadwing Commc'ns, Inc.*, 48 Fed. App'x 103, at *3 (5th Cir. 2002) (affirming award of $5,160 in fees for sanctions motion); *Cruz-Aponte v. Caribbean Petro. Corp.*, __ F.Supp.3d __, No. 09-2092, 2015 WL 5006213, at *5 (D.P.R. Aug. 17, 2015) ($1,000 award for bringing motion for sanctions); *Bartholomew v. Burger King Corp.*, No. 11-00613, 2014 WL 7414014, at *3 (D. Hawaii Oct. 27, 2014) ($3,650 award for 10 hours of work on sanctions motion).

Having considered the *Johnson* factors, the Court concludes that modification of the lodestar is unwarranted and that, therefore, the $4,935 in attorney's fees requested by Plaintiffs is reasonable. The Court further concludes that $240 in claimed expenses is also reasonable.

## III
## Conclusion

For the reasons above, the petition seeking $5,175 in combined attorney's fees and expenses, Doc. #87, is **GRANTED**.

SO ORDERED, this 21st day of December, 2015.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**